FILED

2007 Nov-20  PM 01:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | } | |
| | } | |
| Plaintiff, | } | CIVIL ACTION NO. |
| | } | 07-AR-1641-S |
| v. | } | |
| | } | |
| ROMIE LEE, et al. | } | |
| | } | |
| | } | |
| Defendants. | } | |

**MEMORANDUM OPINION**

Before the court are the motions of defendants, Romie Lee ("Lee") and Fleet Force, Inc. ("Fleet Force"), to dismiss the complaint filed by plaintiff, Canal Insurance Co. ("Canal"). For the reasons that follow, the motions will be granted. However, insofar as Fleet Force seeks a dismissal with prejudice, its motion will be denied.

**Facts**

Pursuant to the Declaratory Judgment Act of 1984, 28 U.S.C. § 2201(a), Canal filed a complaint in this court on September 7, 2007, seeking a declaration that it is not obligated to provide insurance coverage or a defense to any potential insureds in connection with Lee's pending state court tort action. According to the representation of counsel for Canal at oral argument on this motion, Canal is providing a defense to Paul Taylor d/b/a

1

P&M Trucking ("P&M") under a reservation of rights but is not providing a defense to Fleet Force or Saiia Construction ("Saiia"). Lee filed a motion to dismiss on October 2, 2007, arguing that the court should exercise its discretion to dismiss this declaratory judgment action in deference to the pending state court case.

In the state court case,[1] Lee asserts claims against P&M, Saiia, and Fleet Force arising out of a workplace accident at Alabama Power's Miller Steam Plant on November 27, 2006. Specifically, Lee alleges that he was injured as a result of the bed of the dump truck he was driving catching on an ashline running across a road at the steam plant, causing the dump truck to lift up and drop five feet with Lee inside. According to Lee, the employees of Saiia, the company that managed the accident site, refused to allow medical personnel to enter the site to render him aid. Lee further alleges that Paul Taylor from P&M eventually arrived and transported him to the hospital. As a result of the accident, Lee claims to be permanently and totally disabled. In the state case, Lee asserts both a workers' compensation claim against Fleet Force and negligence/wantonesss claims against Saiia and P&M.

It is difficult to find a logical basis for Canal's

---

[1] The state case is styled *Romie Lee v. P&M Trucking; Saiia Construction; Fleet Force, Inc.; et al*, CV-07-700 (Cir. Ct. of Jefferson County, Alabama)

contention that it is not obligated to provide coverage to P&M, Saiia, and Fleet Force, all of which are named insureds on the automobile liability policy it issued to P&M Trucking. However, it is clear that the policy has exclusions, including a workers compensation exclusion, that Canal will likely argue to some extent excuse its refusal to provide coverage. From a review of the policy language quoted in Canal's complaint, it is clear that a resolution of this declaratory judgment action will likely require a court to resolve factual disputes about what happened on the day Lee was injured and to determine who employed Lee for purposes of workers' compensation law.

## Analysis

The Declaratory Judgment Act provides that a court "**may** declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added). It is "an enabling Act, which confers a discretion on courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995)(citations omitted). The Declaratory Judgment Act only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942). In fact, in cases such as this, the Supreme Court has expressly held that "it would be uneconomical as well as vexatious for a federal court to proceed in a

declaratory judgment suit where another suit is pending in a
state court presenting the same issues, not governed by federal
law, between the same parties." *Id.* at 495. The Supreme Court has
warned that "[g]ratuitous interference with the orderly and
comprehensive disposition of a state court litigation should be
avoided." *Id.*

In *Ameritas Variable Life Insurance Co. v. Roach*, 411 F.3d
1328, 1330-31 (11th Cir. 2005), the Eleventh Circuit provided a
non-exhaustive list of nine factors for district courts to
consider when deciding whether to exercise jurisdiction in
declaratory judgment cases when a parallel state action is
pending:

> (1) The strength of the state's interest in having
> the issues raised in the federal declaratory action
> decided in the state courts;
>
> (2) Whether the judgment in the federal
> declaratory action would settle the controversy;
>
> (3) Whether the federal declaratory action would
> serve a useful purpose in clarifying the legal
> relations at issue;
>
> (4) Whether the declaratory remedy is being used
> merely for the purpose of "procedural fencing"-that is,
> to provide an arena for a race for *res judicata* or to
> achieve a federal hearing in a case otherwise not
> removable;
>
> (5) Whether the use of a declaratory action would
> increase the friction between our federal and state
> courts and improperly encroach on state jurisdiction;
>
> (6) Whether there is an alternative remedy that is
> better or more effective;
>
> (7) Whether the underlying factual issues are
> important to an informed resolution of the case;.
>
> (8) Whether the state trial court is in a better

4

position to evaluate those factual issues than is the
federal court;

    (9) Whether there is a close nexus between the
underlying factual and legal issues and state law
and/or public policy, or whether federal common or
statutory law dictates a resolution of the declaratory
judgment action.

411 F.3d at 1331. The court will apply each factor in turn.

Applying the first factor, the court concludes that the
State of Alabama does have an interest in having the issues
raised in this case decided in the state court, because this case
raises issues of insurance law and workers' compensation law, two
areas that primarily implicate questions of Alabama law.
Furthermore, the underlying state case involves an Alabama
citizen suing three Alabama businesses in connection with an
accident that occurred in Alabama. Therefore, Alabama has an
unmistakable interest in having the issues raised by this action
resolved in its own courts.

Under the second and third factors, it is clear that issuing
a declaratory judgment would clarify the legal relationship of
the parties, but such a ruling would not necessarily settle the
controversy. In other words, resolution of the insurance coverage
issues raised here is unlikely to settle the underlying tort and
workers' compensation claims in the state case. *See also State
Auto Mut. Ins. Co. v. Wann Funeral Home, Inc.*, 2006 WL 1491059 at
*2 (E.D. Tenn. May 30, 2006) ("A declaration of Plaintiff's

5

duties under the insurance contract would not address any matter currently at issue in the underlying state court proceeding, since Plaintiff is not a party to the state court litigation. Ultimately, regardless of this Court's determination regarding indemnification, the issues currently before the state court will remain in contention").

As to the fourth factor, the court does not have enough background information upon which to conclude precisely how this factor applies to this case. However, it is true that the state court case is not removable since it involves neither complete diversity of citizenship nor a federal question. Therefore, filing a declaratory judgment action in federal court is a way for Canal to achieve a federal hearing in a case that is otherwise not removable. Since Canal is not a party to the state court case, the court will consider this factor as neutral.

With regard to the fifth factor, the court finds that if it were to proceed to resolve the issues before it, a federal court and a state court would be simultaneously wrestling with overlapping, though not necessarily identical, issues of state law. Both courts would also be dealing with the same underlying factual disputes, such as the identity of Lee's employer and what happened on the date of the accident. *See Bituminous Cas. Corp. v. J&L Lumber Co.*, 373 F.3d 807, 813-14 (6th Cir. 2004) (abstention appropriate when both state and federal courts would

have to determine identity of employer under workers'
compensation law). "Exercise of federal jurisdiction in such a
situation risks unnecessary commitment of scarce judicial
resources, multiplicative expenditures of legal services,
inconsistent rulings at numerous litigation junctures, and the
appearance of disregard for the state trial court's authority and
expertise in violation of basic norms of federal and state
comity." *United States Fidelity & Guar. Co. v. Algernon-Blair*,
Inc., 705 F. Supp. 1507, 1514 (M.D. Ala. 1988) (Thompson, J.).

Applying the sixth factor, the court notes that since the
state court is already dealing with the underlying factual and
legal disputes, it would constitute a better forum for resolving
the insurance coverage disputes. While Canal is not yet a party
to the state case, and may not become one, it is clear that it
would be an inefficient use of this court's judicial resources to
grant declaratory relief only to see Lee lose his underlying
state court action against Canal's insureds. Should Lee prevail
in the state case, the indemnification issues can be resolved by
filing another declaratory judgment action in this court or state
court, assuming that this action is dismissed without prejudice.

Under the seventh and eighth factors, the court concludes
that the underlying factual issues, such as the identity of Lee's
actual employer and the nature of Lee's activities on the date of

the accident, are important to an informed resolution of this declaratory judgment action since Canal will apparently be arguing that certain exclusions in the insurance policy justify its refusal to provide coverage. The state and federal courts are equally well-equipped to resolve the underlying factual disputes. However, since discovery is already underway in the state case, the state court would likely be the most efficient forum to resolve the factual disputes. "Rather than having two courts duplicate effort on scrutinizing and assessing the underlying facts, a far more sensible and efficient approach is for the state court that is already tasked with examining those facts in the underlying case to apply those same facts to the pending claims for declaratory relief." *Progressive Speciality Ins. Co. v. Bailey*, 2006 WL 2091749 at *5 (S.D. Ala. July 25, 2006) (Steele, J.).

Finally, with regard to the ninth factor, there is a close nexus between the underlying factual and legal issues and state law because the claims involved in both the state and federal cases raise exclusively issues of state law. As such, federal common law or statutory law does not dictate a resolution of the declaratory judgment action.

### Conclusion

Taken together, the *Ameritas* factors (at least 5 of them) weigh against this court's resolution of this declaratory

judgment action at this time. The principles of federalism, comity, and efficiency counsel against this court exercising is discretion to hear a declaratory judgment action when a parallel state action is pending. Therefore, the case will be dismissed without prejudice by separate order.

DONE this 20th day of November, 2007.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE